UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| STEPHANIE MCCREA,<br><br>                  Petitioner,<br><br>    v.<br><br>DEBORAH J. WOFFORD,<br><br>                  Respondent. | CASE NO. 18-5054 RJB-JRC<br><br>ORDER ON REPORT AND RECOMMENDATION |

      THIS MATTER comes before the Court on the Report and Recommendation of U.S. Magistrate Judge J. Richard Creatura. Dkt. 11. The Court has considered the Report and Recommendation, objections, if any, and the remaining file.

      On January 18, 2018, Petitioner, a former high school drama teacher, filed this habeas corpus petition pursuant to 28 U.S.C. § 2254, challenging the imposition of a 60 month sentence for her conviction of four counts of child rape in the third degree and one count of witness tampering after entering a guilty plea in connection with a sexual relationship she was having with a then 15-year old student. Dkt. 1.

Her petition raises six grounds for relief:

1. The Petitioner's equal protection and due process rights under the Fourteenth Amendment were violated when she was denied a sentencing alternative based on her status as a teacher.

2. The Petitioner's Eighth Amendment rights were violated when she was denied a sentencing alternative and given a sentence that was "grossly disproportionate to other teacher cases."

3. The Petitioner's Fourteenth Amendment rights were violated when the trial court gave more weight to the victim's mother's testimony and improperly weighed the victim's testimony in deciding whether to give Petitioner a sentencing alternative.

4. The Petitioner's Fourteenth Amendment rights were violated when the trial court failed to give any meaningful consideration to Petitioner's traumatic brain injury as a mitigating factor at sentencing.

5. The Petitioner's First and Fourteenth Amendment rights were violated when the trial court imposed a community custody requirement barring the use of electronic media.

6. The Petitioner's First and Fourteenth Amendment rights were violated when the trial court imposed a community custody requirement barring Petitioner from frequenting areas where minors congregate.

Dkt. 3, at 15-16.

On May 31, 2018, the Report and Recommendation was filed, recommending that the Court dismiss grounds 5-6 because Petitioner did not exhaust those claims with the state courts. Dkt. 11. The Report and Recommendation recommends dismissing grounds 1-4 on the merits. *Id.*

**Grounds 5-6.** The Report and Recommendation recommends finding that Plaintiff did not exhaust grounds 5-6 in the state courts and so, those claims should be dismissed. Dkt. 11. Respondent, in her response, states that the "petition is a mixed petition containing both exhausted and unexhausted claims . . . [and] the Court should advise her of her available options." Dkt. 7, at 5 (*citing Rose v. Lundy*, 455 U.S. 509, 522 (1982)(holding that a court may not consider a mixed habeas corpus petition). In the Ninth Circuit, "a stay and abeyance" while

ORDER ON REPORT AND RECOMMENDATION - 2

a petitioner exhausts claims in state court "is appropriate when the petitioner demonstrates good cause for [their] failure to exhaust his claims in state court, where [their] claims are not plainly meritless, and where [they have] not engaged in abusive litigation tactics." *Dixon v. Baker,* 847 F.3d 714, 720 (9th Cir. 2017)(*internal quotations omitted*).

Further, the Report and Recommendation did not reach the question of whether these claims are now procedurally barred and, even if they are, whether the court should still consider them on the merits. The respondent did not meaningfully raise either issue. Dkt. 7.

"In addition to the exhaustion requirement, a federal court may not hear a habeas claim if it runs afoul of the procedural bar doctrine." *Cooper v. Neven*, 641 F.3d 322, 327 (9th Cir. 2011). Under the procedural bar doctrine, if a state procedural rule would now preclude the petitioner from raising his claim in the state courts, the claim is considered "procedurally defaulted" and the federal courts are barred from reviewing the claim. *Coleman v. Thompson,* 501 U.S. 722, 731-732 (1991).

Moreover, "if a claim is unexhausted but state procedural rules would now bar consideration of the claim, it is technically exhausted but will be deemed procedurally defaulted unless the petitioner can show cause and prejudice." *Cooper,* at 327. Accordingly, "[i]f a petitioner has procedurally defaulted on a claim, a federal court may nonetheless consider the claim if [they show]: (1) good cause for [their] failure to exhaust the claim; and prejudice from the purported constitutional violation; or (2) demonstrates that not hearing the claim would result in a 'fundamental miscarriage of justice.'" *Id.* (*internal citations omitted*).

This case should be re-referred for a supplemental report and recommendation and for further proceedings. The supplemental report and recommendation should address: (1) whether the petition should be stayed or other action taken while a petitioner exhausts grounds 5-6 in the

ORDER ON REPORT AND RECOMMENDATION - 3

state courts, (2) if the petition should not be stayed, whether grounds 5-6 are procedurally barred, (3) if the grounds are procedurally barred, whether the Court should still consider grounds 5-6, and (4) if the Court should still consider the grounds, whether they should be denied on the merits. The pending Report and Recommendation (Dkt. 11) should be stricken, to be renoted, if appropriate, when the supplemental report and recommendation is filed.

**ORDER**

- This case is **RE-REFERRED** to the U.S. Magistrate Judge J. Richard Creatura for a supplemental report and recommendation and for further proceedings as necessary, and

- The Report and Recommendation (Dkt. 11) **IS STRICKEN**, to be renoted, if appropriate when the supplemental report and recommendation is filed.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 27th day of June, 2018.

*/s/ Robert J. Bryan*
ROBERT J. BRYAN
United States District Judge