UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

STEPHANIE MCCREA,

        Petitioner,

v.

DEBORAH J. WOFFORD,

        Respondent.

CASE NO. 3:18-cv-05054-RJB-JRC

ORDER TO SHOW CAUSE

The District Court has referred this petition for a writ of habeas corpus to United States Magistrate Judge J. Richard Creatura. The Court's authority for the referral is 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR3 and MJR4. Petitioner Stephanie McCrea filed the petition pursuant to 28 U.S.C. § 2254.

In May of 2018, the Court entered a report and recommendation recommending that two of petitioner's grounds raised in her habeas petition be dismissed for failure to exhaust state court remedies. Dkt. 11. However, the Court neglected to address that petitioner's habeas petition was a mixed petition, containing both exhausted and unexhausted grounds, and therefore the Court

did not provide petitioner with the opportunity to exhaust her unexhausted grounds or to withdraw them so the Court could consider her exhausted grounds. The Honorable Robert Bryan re-referred the case to this Court, ordering a supplemental report and recommendation specifically addressing: (1) whether the petition should be stayed or other action taken while petitioner exhausts her unexhausted grounds; (2) whether the unexhausted grounds are procedurally defaulted; (3) if so, whether the Court should still consider the unexhausted grounds on their merits; and (4) whether they should be denied on their merits. Dkt. 12.

The Court has already found that grounds 5 and 6 in petitioner's habeas petition are unexhausted. Dkt. 11, pp. 8-9. Therefore, the Court will provide petitioner with her procedural options as to those unexhausted grounds.

**I.     Options for Mixed Petitions**

When a petitioner has submitted a mixed petition, the district court may generally exercise one of three options: (1) dismiss the mixed petition without prejudice; (2) stay the mixed petition to allow the petitioner to present her unexhausted grounds to the state court; or (3) allow the petitioner to withdraw the unexhausted grounds and proceed with the remaining grounds. *See Rhines v. Weber,* 544 U.S. 269, at 274-79 (2005).

A. <u>Dismissal Without Prejudice</u>

Petitioner can opt for dismissal of the mixed petition without prejudice and return to federal court after she has fully exhausted her state court remedies. Petitioner has already filed a second personal restraint petition ("PRP") addressing her unexhausted grounds. Dkt. 8, Ex. 20. However, the parties have not explained whether the PRP was timely filed. Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the federal one-year statute of limitations tolls while a prisoner properly seeks collateral review in state courts but not when the

prisoner is in federal court. *Robbins v. Carey*, 481 F.3d 1143, 1147 (9th Cir. 2007) (citing to 28 U.S.C. 2244 (d)(2); *Rhines*, 544 U.S. at 274-75 (2005)). If petitioner's second PRP was timely filed, the federal one-year statute of limitations is tolled.

B. <u>Motion to Stay and Abey</u>

A district court, on federal habeas review, has discretion to stay a mixed petition to allow a petitioner to return to state court to present her unexhausted grounds. *Rhines*, 544 U.S. 269. The stay and abeyance procedure should be invoked only in very limited circumstances, such as where: (1) the petitioner has good cause for her failure to exhaust; (2) the unexhausted grounds are potentially meritorious; and, (3) there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. *Id*. at 278.

However, for petitioners who file mixed petitions and who are close to the end of AEDPA's one-year time limit, there is a probability that they will not have time to exhaust state remedies and to refile in federal court before the limitations period runs. In such cases, rather than dismissing the mixed petition outright, a district court may stay the petition and hold it in abeyance while the petitioner returns to state court to exhaust her unexhausted grounds. *Rhines*, 544 U.S. at 275. Once she has exhausted her state remedies, the federal court will lift the stay and allow the petitioner to proceed on her now-exhausted grounds. *Id.*, pp. 275-76.

C. <u>Consideration of Exhausted Grounds Only</u>

If the Court were to now consider only the exhausted grounds (grounds 1-4), petitioner could face procedural obstacles should she choose to bring a second or successive habeas petition to challenge her current conviction. *See Burton v. Stewart*, 549 U.S. 147, 154 (2007) (noting that habeas petitioners proceeding with only exhausted grounds may risk subjecting later petitions that raise new grounds to rigorous procedural obstacles); *Cooper v. Calderon,* 274 F.3d

1270, 1272-73 (9th Cir. 2001) (per curiam) (noting that the relevant statutes greatly restrict the power of federal courts to award relief to state prisoners who file second or successive habeas corpus applications); 28 U.S.C. § 2244(b) (providing that a claim presented in a second or successive § 2254 habeas petition "shall" be dismissed unless certain substantive and procedural requirements are met).

**II. Order**

Therefore, it is ORDERED:

1. Petitioner shall advise the Court on or before **July 27, 2018** if she wishes the Court to: (1) dismiss the mixed petition without prejudice to allow her to exhaust her unexhausted grounds; (2) stay the mixed petition; or (3) withdraw the unexhausted grounds (grounds 5 and 6) and proceed with the remaining exhausted grounds (grounds 1-4).

2. If petitioner fails to file a response, the Court will enter a report and recommendation that the petition be dismissed without prejudice and allow the petitioner to present her unexhausted grounds (grounds 5 and 6) to the state court, then return to federal court to file a new habeas petition containing all her grounds.

3. The Clerk shall send copies of this Order to petitioner and counsel for respondent.

Dated this 28th day of June, 2018.

J. Richard Creatura
United States Magistrate Judge