UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

STEPHANIE MCCREA,

    Petitioner,

v.

DEBORAH J. WOFFORD,

    Respondent.

CASE NO. 3:18-cv-05054-RJB-JRC

ORDER GRANTING STAY

The District Court has referred this petition for a writ of habeas corpus to United States Magistrate Judge J. Richard Creatura. The authority for the referral is 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR3 and MJR4. The petition is filed pursuant to 28 U.S.C. § 2254.

On June 27, 2018, the District Court entered an order declining to adopt this Court's report and recommendation and re-referring the case to the undersigned magistrate judge. Dkt. 12. The undersigned magistrate judge then addressed the fact that petitioner's habeas petition was a mixed petition, containing both exhausted and unexhausted grounds, and entered an order

to show cause. Dkt. 13. The Court asked petitioner to advise the Court whether she wished to dismiss her habeas petition and exhaust state court remedies, stay her case and exhaust her state court remedies, or whether she wished to withdraw her unexhausted grounds and continue forward with her exhausted grounds. *Id*. Petitioner has now filed a response indicating she wishes that her case be stayed. Dkt. 14.

The Court has the authority to issue stays when such a stay would be a proper exercise of discretion, though this discretion is more limited in federal habeas proceedings. *Rhines v. Weber*, 544 U.S. 269, 277 (2005). A district court may stay a petition if: (1) petitioner has "good cause" for failure to exhaust the claims in state court; (2) the unexhausted claims are potentially meritorious; and (3) there is no indication that petitioner intentionally engaged in dilatory litigation tactics. *Id*. at 278.

Here, petitioner meets these criteria. She explains that she is currently challenging her unexhausted grounds in state court and argues that her reason for her delay in filing a second personal restraint petition ("PRP") is because state law has significantly changed since her original PRP. Dkt. 14. She also notes that the Washington Court of Appeals has transferred her PRP to the Washington Supreme Court to determine whether her argument can overcome the state statute of limitations. *Id*.; Dkt. 14-1. There is also no indication on the record that petitioner has engaged in dilatory litigation tactics. *See generally* Dkt. Because petitioner has shown good cause for her delay in exhausting her state court remedies, has shown her unexhausted claims are potentially meritorious, and there is no indication that she is engaging in dilatory litigation tactics, the Court finds that petitioner is entitled to a stay of her case while she exhausts her state court remedies.

Therefore, it is ORDERED:

1) Petitioner's request that her case be stayed is granted. This case is stayed until January 11, 2019.

2) Petitioner is directed to file a report advising the Court of the status of petitioner's PRP and, if necessary, a motion to extend the stay on or before December 28, 2018 – fourteen days before the stay ends.

3) Should the state court terminate review of petitioner's PRP, petitioner will inform the Court and file a motion to lift the stay within 30 days of the state court's decision.

4) The Clerk is directed to note the December 28, 2018 deadline on the docket for this case.

Dated this 9th day of July, 2018.

J. Richard Creatura
United States Magistrate Judge