UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| STEPHANIE MCCREA,<br><br>　　　　　　　　Petitioner,<br><br>　　v.<br><br>DEBORAH J. WOFFORD,<br><br>　　　　　　　　Respondent. | CASE NO. 18-5054 RJB-JRC<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

THIS MATTER comes before the Court on the Report and Recommendation of U.S. Magistrate Judge J. Richard Creatura. Dkt. 22. The Court has considered the Report and Recommendation (Dkt. 22), the Petitioner's objections (Dkt. 23), and the remaining record.

In this case, brought pursuant to 28 U.S.C. § 2254, the Petitioner challenges the sentence to confinement and community custody imposed after her plea of guilt to multiple counts of rape of a child in the third degree and to witness tampering. Dkt. 1. The Report and Recommendation recommends that the petition be denied, a certificate of appealability not issue, and the case closed. Dkt. 22.

ORDER ADOPTING REPORT AND RECOMMENDATION - 1

The facts and procedural history are in the Report and Recommendation (Dkt. 22, at 1-7) and are adopted here.

Petitioner filed objections to the Report and Recommendation. Dkt. 23. She states that "Gounds 1-4 of her habeas corpus petition are now moot because she has been released from confinement," but that "Grounds 5 and 6 still hold." Dkt. 23, at 3.

Accordingly, the Report and Recommendation's recommendations regarding the dismissal of Grounds 1-4 should be adopted. This order will now address the Petitioner's objections as to Grounds 5 and 6.

Ground 5 of the Petition claims that one of the community custody conditions imposed, which bars her use of electronic media, is unconstitutional under the First and Fourteenth Amendments. Dkt. 3. Ground 6 claims that one of the community custody conditions imposed, which bars the Petitioner from "frequenting areas where minors congregate without being accompanied by a responsible adult approved by DOC and sex offender treatment provider to include, but not limited to: school grounds, malls, parks, or any other area designated by DOC," is unconstitutional under the Fourteenth Amendment. *Id.*

On the outset, it is not clear that the conditions of community custody are properly raised in a habeas petition. These grounds do not challenge the fact or duration of her confinement, but may more appropriately be thought of as conditions of confinement. As was concluded in the Report and Recommendation, though, the Court need not reach this issue, because the claims are procedurally defaulted.

This case was stayed while the Petitioner filed a second Personal Restraint Petition ("PRP") with the Washington Court of Appeals so that she could attempt to exhaust Grounds 5 and 6. This was the Petitioner's second PRP, and so on May 24, 2018, the Washington Court of

Appeals transferred the case to the Washington Supreme Court as a second or successive petition. Dkt. 21-1, at 92. The Washington Supreme Court considered whether an exception to the one year filing requirement (significant changes in the law) applied to the second PRP, concluded that the exception did not apply, and dismissed this second PRP as untimely. Dkt. 21-1, at 95-96. The stay in this case was lifted, and after further briefing, the Report and Recommendation followed.

In her objections, the Petitioner again maintains that the "significant change in the law" exception, to the one-year to file a PRP time bar, applies. Dkt. 23. As she asserted in the Washington courts, the Petitioner maintains that *Packingham v. North Carolina,* 137 S.Ct. 1730 (2017), involving a statute that criminalized access to social media by registered sex offenders, and both *State v. Magana,* 197 Wn. App. 189 (2016), and *State v. Irwin,* 191 Wn. App 644 (2016) relating to the contact with minors, were changes to the law such that the state time bar no longer applies. *Id.* Her objections further assert that even if those grounds are procedurally defaulted under Washington law, she should be excused from that default because she had "cause" and not hearing her claims would be a "miscarriage of justice." *Id.*

Petitioner's objections do not provide a basis to decline to adopt the Report and Recommendation. If a state procedural rule precludes a claim in state courts, the claim is "procedurally defaulted" and federal courts are barred from reviewing the claim on the merits unless the Petitioner can show that the default should be excused. *Davila v. Davis,* 137 S. Ct. 2058, 2064 (2017).

As stated in the Report and Recommendation, the Petitioner makes no showing that the default should be excused. In regard to excusing her default, she maintains again that she could not raise the claims because the cases had not yet been decided. Dkt. 23. The Washington

Supreme Court specifically considered and rejected that argument. As to her assertion that a failure to consider Grounds 5 and 6 on the merits would be a "miscarriage of justice," the Petitioner maintains that access to the internet is very important to her First Amendment rights for the claim to be dismissed on procedural grounds. Dkt. 23. The Petitioner misapplies the "fundamental miscarriage of justice" exception. "A credible showing of actual innocence" may allow a petitioner to pursue their constitutional "claims on the merits notwithstanding the existence of a procedural bar to relief." *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013). "This rule, or fundamental miscarriage of justice exception, is grounded in the equitable discretion of habeas courts to see that federal constitutional errors do not result in the incarceration of innocent persons." *Id.* The Petitioner makes no "credible showing of actual innocence," such that the "miscarriage of justice exception" should apply.

In her objections, the Petitioner also states that she was unaware the Court was interested in additional briefing after she filed her "Motion to Amend/Supplement." Dkt. 23. She asserts that her legal documents were taken from her. *Id.* She fails to explain why either of these are grounds to decline to adopt the Report and Recommendation. The Petitioner has filed several pages of objections. She does not identify any new argument or issue she would have raised. The Report and Recommendation should be adopted.

It is **ORDERED** that:

- The Report and Recommendation (Dkt. 22) **IS ADOPTED**;
- This Petition **IS DISMISSED;** and
- The Certificate of Appealability **IS DENIED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

ORDER ADOPTING REPORT AND RECOMMENDATION - 4

Dated this 10th day of April, 2019.

ROBERT J. BRYAN
United States District Judge

ORDER ADOPTING REPORT AND RECOMMENDATION - 5